IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02146-BNB

ANTONIO DWAN WILLIAMS,

    Applicant,

v.

MR. FAUCLK, Warden,
THE STATE OF COLORADO, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Antonio Dwan Williams, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Williams has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Williams is challenging the validity of his state court conviction and sentence in El Paso County District Court case number 07CR3324. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

    Mr. Williams previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence. *See Williams v. Chapdlaine*, No. 11-cv-02643-LTB (D. Colo. Jan. 4, 2012); *Williams v. Fauclk*, No. 12-cv-02269-LTB (D. Colo. Sept. 10, 2012). The first action, case number 11-cv-02643-LTB, was dismissed because the claim Mr. Williams raised had been defaulted in state court on an independent and adequate state procedural

ground. The second action, case number 12-cv-02269-LTB, was dismissed for lack of jurisdiction because it was a second or successive application and Mr. Williams had not obtained authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive application. Because the first action was dismissed on the merits, the Court finds that the instant application also is a second or successive application. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (finding that § 2254 application denied on state procedural default grounds constitutes a disposition on the merits, thus rendering a subsequent § 2254 application second or successive); *Schwartz v. Neal*, 228 Fed. App'x 814, 816 (10th Cir. 2007) (per curiam) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Williams must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Williams concedes that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 1 at 7.) Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

In the instant action, Mr. Williams asserts one claim that his sentence is illegal because he was arrested pursuant to a defective arrest warrant. This claim is not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. It is not clear whether the illegal sentence claim would be time-barred if filed anew in the proper forum. However, it does not appear that the claim has merit and it was clear when the

3

instant action was filed that this Court lacks jurisdiction over the illegal sentence claim Mr. Williams seeks to raise because the first habeas corpus action Mr. Williams filed was dismissed as procedurally barred and the second habeas corpus action he filed was dismissed for lack of jurisdiction. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  15th  day of   August  , 2013.

BY THE COURT:

　s/ Lewis T. Babcock　　
LEWIS T. BABCOCK, Senior Judge
United States District Court